IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


**CECILIA WIGGINS,**

    Plaintiff,

vs.                                                  CASE NO. 1:06CV183-MP/AK

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security**

    Defendant.

_____/


### REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for disability insurance benefits under Title II of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, as the Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

**A.   PROCEDURAL HISTORY**

Plaintiff filed an application for DIB on August 14, 2003, alleging a disability onset date of February 1, 2003, because of heart disease.  Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on February 13, 2006, and entered an unfavorable decision on May 12, 2006.  The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

**B.   FINDINGS OF THE ALJ**

The ALJ found that Plaintiff had coronary artery disease and status-post myocardial infarction, as well as depression, which were severe, but that these impairments did not meet the listings.  The ALJ found Plaintiff not fully credible, and that she retained the residual functional capacity to perform simple, unskilled, low stress work with one, two or three step instructions, that she could lift and carry 10 pounds frequently and up to 20 pounds occasionally, that she can sit, stand and walk six hours out of an eight hour day, that she should not walk stairs, and only occasionally balance, stoop, crouch, kneel and crawl, but never climb.  That she has moderate pain and experiences drowsiness from medication so that she should avoid hazardous machinery, heights, ramps, ladders or scaffolding, or unprotected holes or pits, and that her depression limits her to simple job instructions.  A vocational expert testified that Plaintiff could perform a number of jobs such as appointment clerk, animal shelter clerk, and dispatcher.

**No. 1:06CV183-MMP/AK**

**C.     ISSUES PRESENTED**

Plaintiff argues that the ALJ erred in finding that Plaintiff's coronary artery disease and myocardial infarction did not meet Listing 4.02(b), particularly that ventricular dysfunction was manifested by S3, abnormal wall motion, and left ventricular ejection fraction of 30 percent or less by appropriate imaging techniques and a need to stop exercise testing because of fatigue.  Plaintiff references an echocardiogram performed on August 31, 2001 (R. 128); a cardiac catheterization on December 9, 2002, (R. 147-148); a treadmill test on February 27, 2004 (R. 171); and a cardiac RFC assessment (R. 325-329), as supportive of her meeting this listing.

The government argues in response that Plaintiff failed to show that she had chronic heart failure or otherwise met the listing requirements under Listing 4.02 because the consultative examiner found no evidence of congestive heart failure. Plaintiff's cardiologist, Dr. Silverstein, found only infrequent angina and that Plaintiff noted no syncope or palpitations and only reported shortness of breath on or two times a week with pain.  The cardiac RFC referenced by Plaintiff as supportive of her disability was prepared by a Physician's Assistant, who is not considered a medical source entitled to controlling weight.  This assessment is contrary to Plaintiff's cardiologist who found her capable of performing light work in January 2003.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**No. 1:06CV183-MMP/AK**

**D.    STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an

**No. 1:06CV183-MMP/AK**

adequate basis for it to determine whether proper legal principles have been observed requires reversal.  Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary.  Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work.  If Plaintiff establishes that his impairment keeps him

**No. 1:06CV183-MMP/AK**

from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

**E.     SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Plaintiff apparently had a heart attack in 1995, was followed by Gary Rexcoat at a clinic in Chiefland, but presented at the hospital in 2002 with chest pains where she underwent a series of tests.  (R. 121-159).  She was found to have a 30 percent ejection fraction, and a 60 percent obstruction in one artery and 99 percent obstruction in two other arteries.  A stint placement was made, and Dr. Silverstein, a cardiologist, then prescribed ACE inhibitors and told Plaintiff to quit smoking.  (R. 160-161).  In January 2003, he told her to start back to work gradually building up to full time light work.  (R. 160-161).  She reported infrequent angina, controlled with nitroglycerin, and occasional episodes of extreme fatigue.  (R. 160-161).

**No. 1:06CV183-MMP/AK**

Dr. Robert Greenberg treated her in January 2004 and found no evidence of congestive heart failure, although she continued to smoke two packs of cigarettes a day. Her treadmill test was negative. (R. 169-171).

Plaintiff had been treated for depression by Dr. Cushman, a psychiatrist, who treated her for situational anxiety and depression. (R.252- 258, 321-324). He prepared a Mental Residual Functional Capacity Questionnaire on February 2, 2006, finding her incapable of even part time work since February 2003 because of severe depression and anxiety. (R. 315-319). A mental consultative examination by Dr. Nazario on January 26, 2004, found her to be mildly depressed and under control with medication. (R. 259-263).

Gary Rexcoat, a physician's assistant, followed Plaintiff for her chest pain and other routine ailments (R. 192-251) and completed a cardiac questionnaire in which he found her unable to sustain even low stress employment. (R. 325-329).

There are numerous RFC's and Psychiatric Review forms in the record which support only mild to moderate mental restrictions and light exertional work levels. (R. 265-308).

F.      **SUMMARY OF THE ADMINISTRATIVE HEARING**

Plaintiff got a GED and finished some college courses. (R. 342). She is 5'4" and weighs 180 pounds, which is down from her previous weight. (R. 342). She had her first heart attack in 1995 and then another one in January 2003. (R. 344-345). Her primary complaints are fatigue from her heart condition and trouble concentrating. (R.

349).  She needs help with personal hygiene and Is unable to shop alone.  (R. 350).  She spends her days mostly "wandering in the house."  (R. 353).  She tried to work after her cardiac hospitalization in December 2002, but even half days wore her out and she could not stay focused on work.   (R. 355).  She sees her cardiologist once a year now, as well as Gary Rexcoat at Chiefland Medical Center, whom she sees "for most everything" about once every two months.  (R. 356).  Recently Rexcoat has had to increase her medication because of increasing chest pain.  (R. 359).

The vocational expert testified that she could not perform her past relevant work as a child support case manager, supply room clerk, secretary or file clerk because of the skill level, but given the hypothetical posed by the ALJ he identified several "three, one, two step operations" that she could still perform at either a light or sedentary level. (R. 364-366).

**G.     DISCUSSION**

Listing § 4.02B requires:

B. Documented cardiac enlargement by appropriate imaging techniques (see4.02A) or ventricular dysfunction manifested by S3, abnormal wall motion, or left ventricular ejection fraction of 30 percent or less by appropriate imaging techniques;
and
1. Inability to perform on an exercise test at a workload equivalent to 5 METs or less due to symptoms of chronic heart failure, or, in rare
 instances, a need to stop exercise testing at less than this level of work because of:
a. Three or more consecutive ventricular premature beats or three or more multiform beats; or
b. Failure to increase systolic blood pressure by 10 mmHg, or decrease in systolic pressure below the usual resting level (see 4.00C2B); or

**No. 1:06CV183-MMP/AK**

   c. Signs attributable to inadequate cerebral perfusion, such as ataxic gait
or mental confusion; and
2. Resulting in marked limitation of physical activity, as demonstrated by
fatigue, palpitation, dyspnea, or anginal discomfort on ordinary physical
activity, even though the individual is comfortable at rest.
20 C.F.R. Pt. 404, Subpart P, App. 1, § 4.02(B).

While it is true that the EKG conducted prior to stint placement showed a 30% left ventricular ejection fraction, she improved after this procedure and her own treating cardiologist was of the opinion that she could return to work.  A subsequent treadmill test was negative and Dr. Greenberg found no clinical signs of congestive heart failure. Plaintiff testified that she only sees her cardiologist once a year and is treated mostly by a physician's assistant at a local medical clinic. Although she indicated at the hearing that her chest pains had come back and her medication had been increased, the lack of increased follow up by her cardiologist and no recent hospitalizations since the stint also suggest improvement.  Further, although Plaintiff contends that she meets the listing also because she was unable to complete a treadmill test, she completed one for Dr. Greenberg more recently.  Finally, the only evidence to support her other contention of limited physical activity is the questionnaire by the physician's assistant, which is not entitled to more weight than her cardiologist or other treating physicians, and her own self-described activities, which the ALJ found not to be credible because of the lack of supporting objective medical evidence.

**No. 1:06CV183-MMP/AK**

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this  __21st__ day of February, 2008

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:06CV183-MMP/AK**